**Pete AMADO, Plaintiff—Appellant,**

v.

**CITY OF TUCSON POLICE
DEPARTMENT; et al.,
Defendants,**

and

**Hart, Officer; et al., Defendants—
Appellees.**

**No. 03–15711.**

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 8, 2003.*

Decided Dec. 11, 2003.

Pete Amado, pro se, Douglas, AZ, for
Plaintiff–Appellant.

Daryl A. Audilett, Esq., Kimble Nelson
Audilett, McDonough & Molla PC, Tucson,
AZ, for Defendant–Appellee.

Before GOODWIN, WALLACE, and
MCKEOWN, Circuit Judges.

MEMORANDUM **

Pete Amado appeals the district court's
summary judgment in favor of Officers
David Cruze and James Hart on the basis
of qualified immunity.[1] We review de
novo, see *Bingham v. City of Manhattan
Beach*, 341 F.3d 939, 945 (9th Cir.2003),

and affirm as to Officer Hart, but reverse
as to Officer Cruze.

Amado states a claim for violation of his
Fourth Amendment rights because no rea-
sonable officer could have believed the lev-
el of force allegedly employed by Cruze
was necessary under the circumstances al-
leged. *See Graham v. Connor*, 490 U.S.
386, 396, 109 S.Ct. 1865, 1871, 104 L.Ed.2d
443 (1989). Furthermore, under the cir-
cumstances alleged, no reasonable officer
could have mistakenly believed that the
level of force allegedly employed was con-
stitutionally permissible, and, thus, Cruze
is not entitled to summary judgment based
on qualified immunity. *See Saucier v.
Katz*, 533 U.S. 194, 201–2, 121 S.Ct. 2151,
2156, 150 L.Ed.2d 272 (2001).

It is undisputed that Officer Hart did
not apply excessive force, and was un-
aware of the excessive nature of the force
applied by Cruze. Thus, Hart's failure to
intervene did not violate Amado's constitu-
tional rights, and summary judgment in
favor of Hart was appropriate. *See Jack-
son v. City of Bremerton*, 268 F.3d 646,
653 (9th Cir.2001).

AFFIRMED in part and REVERSED
in part and REMANDED. Costs shall be
awarded to the appellant.

---

* This case is suitable for decision without oral
  argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
  cation and may not be cited to or by the
  courts of this circuit except as provided by
  Ninth Circuit Rule 36–3.

1. Officers Hart and Cruze were the only re-
   maining defendants, the district court having
   previously dismissed the claims against all
   other defendants. *See* District Court Order,
   CV–01–00243–FRZ, at 1–2 (May 16, 2002).